**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN McCUTCHEON, # A-00147,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 13-cv-779-JPG** |
| ) | |
| **MICHAEL SCHNICKER, C/O BETHEL,** ) | |
| **LT. PAYNE, MISTY PRICE,** ) | |
| **BETSY SPILLER, KIMBERLY BUTLER,** ) | |
| **and BEN HAYNES,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving 50-year sentences for attempted murder and rape, a 30-year sentence for aggravated kidnapping, and a 14-year sentence for burglary. Plaintiff claims that several correctional officers verbally harassed him, and then retaliated against him by filing a false disciplinary charge on him after he complained to the assistant warden.

More specifically, Plaintiff claims that in January 2012, Defendants Schnicker and Bethel (correctional officers) subjected him to verbal abuse, harassment, and threats. In one incident, Defendant Schnicker struck Plaintiff with a basketball and shouted "child molester" at him, in the presence of other inmates (Doc. 1, p. 2). Plaintiff took this as an effort to incite other prisoners to harm him because of his sex offense conviction.

Plaintiff reported this abuse to Defendant Butler (assistant warden) in a letter and a personal conversation. He had also complained to Defendants Price (counselor) and Spiller

(counselor supervisor).  However, none of these individuals intervened to stop the harassment by Defendants Schnicker or Bethel.

Plaintiff also sought help from Defendant Lt. Payne to stop the verbal abuse.  Defendant Payne told Defendant Schnicker about Plaintiff's complaints, which prompted Defendant Schnicker to escalate the verbal abuse and threats by confronting Plaintiff at his cell on February 10, 2012 (Doc. 1, p. 3).  Defendant Schnicker called Plaintiff a child molester and snitch, and ordered him to pack his property because he was going to segregation.  Plaintiff complied, but nobody ever returned to take him to segregation, and he remained in the cell.

Plaintiff wrote an affidavit and complaint about this incident (including a recitation of the earlier abusive behavior by Defendants Bethel and Schnicker), and placed it in the institutional mail on February 16, 2012, addressed to Defendant Butler.  Three days later, Defendant Bethel came to Plaintiff's cell and displayed the opened letter.  Due to the timing, it was obvious to Plaintiff that the letter had been intercepted before reaching Assistant Warden Butler.  Defendant Bethel refused to give the letter back to Plaintiff.  After this intimidation, Plaintiff ceased all movement outside his cell, in order to avoid contact or confrontation with Defendants Bethel or Schnicker (Doc. 1, p. 5).

However, Plaintiff was required to go to the Health Care Unit on February 23, 2012. Defendant Bethel cursed and acted aggressively toward Plaintiff while he made his way there. Plaintiff reported this to Defendant Payne.  Later that evening, Defendant Haynes (correctional officer and "buddy" of Defendant Bethel), conducted a "random" search of Plaintiff's cell.  He claimed to have found a homemade "stinger" (device to heat water) in Plaintiff's property, and issued a disciplinary report.  Plaintiff insists this item was planted by Defendant Haynes, who conspired with Defendants Schnicker and Bethel to retaliate against him for his grievances and

complaints (Doc. 1, p. 6).

Plaintiff was found guilty of the "stinger" offense, and punished with two months in segregation.  Defendant Bethel came to his cell again while he was in segregation, to harass and threaten him.  After Plaintiff filed a grievance over this disciplinary charge, it was eventually expunged on May 16, 2012 (Doc. 1, pp. 7, 9).

Plaintiff seeks nominal, compensatory, and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable retaliation claim against Defendants Haynes, Bethel, and Schnicker, for engineering the false disciplinary charge against Plaintiff after he complained about Schnicker's and Bethel's harassment **(Count 1)**; and a claim against Defendants Haynes, Bethel, and Schnicker, for conspiracy to take these retaliatory actions **(Count 2)**.

Further, Defendant Schnicker's and Bethel's repeated public labeling of Plaintiff as a child molester and snitch gives rise to a cognizable cruel and unusual punishment claim at this stage of the litigation **(Count 3)**.  Although Plaintiff has not been harmed by another inmate, he alleges that these Defendants' conduct was calculated to instigate fellow inmates to attack him, and to place him in fear of a beating or worse.  See *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) (harassment may be actionable where it involves a "credible threat to kill, or to inflict any other physical injury"); *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (mental torture may be actionable as cruel and unusual punishment); *Irving v. Dormire*, 519 F.3d 441,

449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted).

However, Plaintiff has failed to state a claim upon which relief may be granted against the remaining Defendants. Plaintiff asked Defendant Payne to help stop the ongoing verbal abuse by Defendant Schnicker (Doc. 1, pp. 3, 5). Defendant Payne then talked to Defendant Schnicker about Plaintiff's complaint, and the problems continued and became worse. Plaintiff faults Defendant Payne for failing to take effective action to protect Plaintiff from further harassment. This, however, is not sufficient for liability to attach. Defendant Payne himself did not inflict any verbal abuse or threats on Plaintiff, and he is not responsible for the bad behavior of another officer. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). There is no supervisory liability in a civil rights action. *Id*.

Similarly, Plaintiff complained and submitted grievances to Defendants Price, Spiller, and Butler, who failed to remedy the problems with Defendants Schnicker and Bethel. In addition to their lack of personal involvement in the alleged violations of Plaintiff's rights, the mishandling or failure to respond to grievances does not violate the Constitution. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

For these reasons, Defndants Payne, Price, Spiller, and Butler shall be dismissed from the action without prejudice.

**Pending Motion**

Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and has submitted an affidavit stating that he has no employment, his only income is an Army disability payment, and he has no assets or cash on hand.  However, he has not tendered a certified copy of his inmate trust fund account statement.  The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Menard Correctional Center (Doc. 4), but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard.

**Disposition**

Defendants **PAYNE, PRICE, SPILLER,** and **BUTLER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SCHNICKER, BETHEL,** and **HAYNES**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 6, 2013**

*s/J. Phil Gilbert*
United States District Judge