IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN MCCUTCHEON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-cv-00779-JPG-PMF ) |
| MICHAEL SCHNICKER, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 99) of Magistrate Judge Philip M. Frazier with regard to Defendants Steve Bethel, Benjamin Haynes, and Michael Schnicker's Motion for Summary Judgment (Doc. 75). Defendants filed an objection (Doc. 101) and the Plaintiff filed Stipulated Objections (Doc. 105). The Court also notes that the Plaintiff has a pending Motion for Writ of Habeas Corpus *ad testificandum* (Doc. 97).

1. **Background.**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center. His complaint alleges that while he was previous housed at Menard Correctional Center, several correctional officers verbally harassed him and then retaliated against him for complaining to the assistant warden. The harassment includes striking the Plaintiff with a basketball and shouting "child molester" at him in an effort to incite other prisoners to harm him because of his convictions[1] for sex offenses.

---

[1] Plaintiff plead guilty to one count of attempted murder, one count of rape, and two counts of aggravated kidnapping.  *See People v. McCutcheon*, 111 Ill.2d 487, 489 (1986).

As stated in the R & R, on threshold review, the plaintiff was permitted to proceed on the following counts:

> **Count 1:** First Amendment retaliation claim against Haynes, Bethel and Schnicker for engineering false disciplinary charges against Plaintiff after he complained about Schnicker and Bethel's harassment.
>
> **Count 2:** Civil conspiracy claim against Haynes, Bethel and Schnicker for conspiring to engineer the false disciplinary charges against Plaintiff.
>
> **Count 3:** Eighth Amendment claim against Schnicker and Bethel for attempting to instigate other inmates to attack Plaintiff.

The Defendants moved for summary judgment arguing that the Plaintiff could not establish that the alleged conduct rose to the level of an Eighth Amended Complaint; that the disciplinary report was expunged so the retaliation claim should not stand; and alternatively, that the Defendants were entitled to qualified immunity. (Doc. 75).

2. **Standard.**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As objections have been filed, the Court reviews those portions of the R & R *de novo*.

3. **Analysis.**

The R & R recommends that the defendants' motion for summary judgment be denied. The Magistrate Judge found that there was a credibility issue wherein judgment as a matter of law

should not be granted. The R & R further found that defendants were not entitled to qualified immunity.

The defendants argue that there is no credibility issue stating that Defendant Haynes' affidavit specifically denies any intent to retaliate and that the plaintiff has no factual support to back his claims. They further argue that a chronology of events, by itself, cannot stand alone.

The Defendants also state that the Plaintiff has not "put forth sufficient evidence to support his conspiracy claim" and that the Plaintiff has not demonstrate that the Defendants "crossed the line into an Eighth Amendment claim" in which to deny qualified immunity.

Defendants cite to *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443 (7th Cir. 2009) which stated that, "The line between 'mere' harassment and 'cruel and unusual punishment' is fuzzy." *Id*. at 446. This Court agrees that the line between "mere harassment" and "cruel and unusual punishment" may be fuzzy, but like pornography, we trust that a reasonable jury will know it when it sees it. "The test for what constitutes "cruel and unusual punishment" is an objective one. It is not the actual fear of the victim, but what a "reasonable" victim would fear." *Dobbey v. Illinois Dep't of Corr.,* 574 F.3d 443, 445-6 (7th Cir. 2009).

A reasonable jury could determine that the publication of the plaintiff's crimes and referring to the plaintiff as a "child molester" and "baby raping motherfucker" to the general prison population and staff would create fear in a reasonable victim of a substantial risk of serious injury. If the alleged comments were made in a more private setting – such as during a vehicle transport – the Court may have agreed that the comments were "mere harassment." However, comments made to incite the general population with regard to single individual within a prison environment; goes beyond "mere harassment" and a reasonable officer should know that the effect of such comments would create a substantial risk of serious injury to the plaintiff –

especially a correctional officer who has testified that sex offenders are "not viewed favorably in a maximum security prison such as Menard."

Defendants also argue that chronology of events in this matter, standing alone, cannot support an inference of retaliation. They argue that there must be evidence that ties it to a protected First Amendment activity. The R & R acknowledged that it was "a bit muddled whether the Defendants' alleged animus springs from McCutcheon's First Amendment activity (his prior lawsuits, filing of grievances, and communication to the Warden) or because he is a convicted sex offender."

As stated in the R & R, the Court agrees that the Plaintiff has presented a plausible chronology of events from which retaliation can be inferred. Defendants' cite to *Kidwell v. Eisenhauer*, 679 F.3d 957 (7th Cir. 2012) which stated, "that suspicious timing will 'rarely be sufficient in and of itself to create a triable issue" and that, "[s]uspicious timing may be just that – suspicious – and a suspicion is not enough to get past a motion for summary judgment." *Id.* at 966 (quoiting *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011)). The Court also acknowledges that the *Kidwell* court found that no more than a "few day" should have elapsed between the activity and the adverse action in order to demonstrate an inference of causation.

However, *Kidwell* was employment action and not a prisoner case. The prison environment is drastically different than an at-will employment environment. As such, a jury may reasonably determine that an approximate two weeks between the protective activity and the adverse action is sufficient to infer retaliation. The Court also agrees with the R & R distinction of this matter from *Bridges v. Gilbert* case[2] and will not repeat the difference here.

Finally, defendants object to the denial of qualified immunity. They claim that the plaintiff's crimes have been "publicized by many correctional officers at Menard in addition to Defendants

---

[2] 577 F.3d 541 (7th Cir. 2009)

Bethel and Schnicker." They also state that plaintiff's crimes are "publicly available to anyone who may access a computer or may request a friend or family member access a computer." This argument appears to admit that Defendants Bethel and Schnicker engaged in the conduct that the plaintiff is alleging, *i.e.* that they publicly announced plaintiff's crime to the general population and prison staff in order to incite other prisoners to harm the plaintiff. The fact that other correctional officers engaged in the same conduct does not make the Defendants' conduct less culpable. Further, there is no evidence that any other prisoner sought to determine and publish the plaintiff's criminal history and given the limit access that prisoners have to computers, it is also very unlikely.

Upon *de novo* review, and taking the facts in the light most favorable to the plaintiff, the Court agrees with the Magistrate Judge's recommendations on the above issues.

The Court will only briefly address the Plaintiff's objections, because the Stipulated Objections (Doc. 104) do not appear related to the topics contained in the R & R. The Stipulated Objections are, "pursuant to . . . Rule 73.1" which is the correct rule for an objection to an R & R; however, the objections do not cite to a specific part of the R & R nor can the court fully determine the purpose of the objections since adoption of the R & R by the Court would be in the plaintiff's favor. Therefore, the Court will note that it has reviewed the plaintiff's stipulated objections, but such objections do not prompt a *de novo* review of any part of the R & R.

4. **Conclusion.**

The Court has reviewed the R & R *de novo*. Based on the above, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 99) in its entirety and **DENIES** Defendants Steve Bethel, Benjamin Haynes, and Michael Schnicker's Motion for Summary Judgment (Doc. 75). Further, Plaintiff's Motion for Writ of Habeas Corpus *ad testificandum* (Doc. 97) is **DENIED** as

premature.  The Plaintiff may refile the motion within 30 days prior to the final pretrial conference.

**IT IS SO ORDERED.**

**DATED:**  3/17/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**